**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2012 AUG 10 PM 2:01

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| MARZELLA K. HIATT and ) | |
| JACOB A. HIATT, ) | **1:12-cv-1103 JMS-TAB** |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action: (1) to collect unpaid income tax liabilities assessed against Marzella K. Hiatt; (2) to collect frivolous return penalties assessed against Marzella K. Hiatt; and (3) to enforce the federal tax liens securing those debts against real property located at (a) 8175 North State Road 38, Sheridan, Indiana; (b) 502 East Fourth Street, Sheridan, Indiana; and (c) 417 and 419 South Main Street, Sheridan, Indiana (collectively the "Sheridan Properties"). In support of this action, the United States alleges as follows:

### JURISDICTION

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. The defendant Marzella K. Hiatt resides within the jurisdiction of this Court.

3. The defendant Jacob A. Hiatt is named as a defendant in accordance with 26 U.S.C. § 7403(b).

4. The property commonly known as 8175 North State Road 38 (the "North State Road Property"), Sheridan, Indiana is subject to this action and is more fully described as:

A part of the north half of the southwest quarter of the southeast quarter of Section 24, Township 20 North, Range 2 East of the Second Principal Meridian, and more particularly described as follows:

Beginning at the northwest corner of the southwest quarter of the southeast quarter of Section 24, Township 20 North, Range 2 East and run thence east 865.25 feet following the quarter section line and centerline of public road, thence south 673 feet 7 inches (south part of line follows an existing fence) thence west 865.25 feet following an existing fence, thence north 669.5 feet following half section line and center line of public road to the place of beginning, containing 13.34 acres, more or less, but subject to legal highways, rights of way and easements.

Located in Marion Township, Boone County, Indiana.

5. The property commonly known as 502 East Fourth Street (the "East Fourth Street Property"), Sheridan, Indiana is subject to this action and is more fully described as:

Lot Number Five (5) in Squire Y. Owen's 3rd Addition to the Town of Sheridan, Hamilton County, Indiana, as shown by plat thereof recorded in Deed Record 99, pages 46-47 of the records in the Recorder's Office of Hamilton County, Indiana.

6. The property commonly known 417 and 419 South Main Street (the "South Main Street Property"), Sheridan, Indiana is subject to this action and is more fully described as:

24 feet in width more or less, off the North side of Lot 4, Square 1, in Egbert Higbee's Second Addition to the Town of Millwood now Sheridan, Hamilton County, Indiana; also, the South Half of Lot 3 in Square 1 in the Egbert Higbee's Second Addition to the Town of Millwood now Sheridan, Hamilton County, Indiana, as per plat thereof recorded in Deed Record 19, page 369 in the Office of the Recorder of Hamilton County, Indiana, except 20 feet off of the entire North side thereof.

## COUNT I - COLLECTION OF INDIVIDUAL
## INCOME TAX LIABILITY OF MARZELLA K. HIATT

7. The United States incorporates by reference the allegations of Paragraphs 1 and 2.

8. A delegate of the Secretary of the Treasury made assessments against Marzella K. Hiatt on the dates, in the amounts, and for the income tax periods set forth in the table below. The table also lists the amounts owing for those liabilities as of July 9, 2012; statutory additions and interest continue to accrue according to law.

| Tax Period Ended | Assessment Date | Assessment Type | Assessment Amount | Amount owing as of 07/09/2012 |
|---|---|---|---|---|
| 12/31/1996 | 06/12/2000 " " " " " " 04/03/2006 | Tax Late filing penalty Estimated tax penalty Interest Failure to pay penalty | $35,495.00 $7,986.38 $1,889.22 $11,791.84 $7,969.74 | $79,433.68 |
| 12/31/1997 | 04/15/2004 " " " " 04/03/2006 04/02/2007 | Tax Accuracy-related penalty Interest Failure to pay penalty Failure to pay penalty | $43,739.00 $8,747.80 $27,307.54 $9,622.58 $1,312.17 | $139,121.08 |
| 12/31/1998 | 02/09/2004 " " " " " " " " 04/15/2004 " " | Tax Estimated tax penalty Late filing penalty Interest Failure to pay penalty Accuracy-related penalty Interest | $41,533.00 $1,900.47 $9,344.93 $20,156.97 $10,383.25 $8,248.20 $3,993.46 | $148,551.39 |
| 12/31/1999 | 09/08/2003 " " " " 04/03/2006 | Tax Late filing penalty Interest Failure to pay penalty | $48,741.00 $12,185.25 $16,195.36 $12,185.25 | $109,036.12 |

| | | | | |
|---|---|---|---|---|
| 12/31/2000 | 06/23/2003<br>"       "<br>"       "<br>04/03/2006 | Tax<br>Accuracy-related penalty<br>Interest<br>Failure to pay penalty | $40,439.00<br>$8,088.00<br>$7,056.67<br>$10,109.74 | $103,533.44 |
| 12/31/2001 | 03/01/2004<br>"       "<br>"       "<br>"       " | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Interest | $42,089.00<br>$1,682.03<br>$9,470.02<br>$5,244.93 | $101,926.12 |
| 12/31/2002 | 12/13/2004<br>"       "<br>"       " | Tax<br>Accuracy-related penalty<br>Interest | $47,478.00<br>$9,495.60<br>$4,476.17 | $104,521.39 |
| 12/31/2003 | 07/04/2005<br>"       "<br>"       "<br>"       "<br>"       " | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Interest<br>Failure to pay penalty | $50,623.00<br>$1,324.81<br>$11,390.18<br>$3,897.03<br>$3,796.72 | $112,751.22 |
| 12/31/2004 | 08/20/2007<br>"       "<br>"       "<br>"       "<br>"       " | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Interest<br>Failure to pay penalty | $39,764.00<br>$1,154.22<br>$8,946.90<br>$9,091.85<br>$5,765.78 | $85,005.85 |
| 12/31/2005 | 09/03/2007<br>"       "<br>"       "<br>"       "<br>"       " | Tax<br>Estimated tax penalty<br>Late filing penalty<br>Interest<br>Failure to pay penalty | $4,868.00<br>$195.30<br>$1,095.30<br>$685.49<br>$413.78 | $9,839.62 |
| 12/31/2006 | 06/23/2008<br>"       "<br>"       "<br>"       "<br>02/16/2009 | Tax<br>Late filing penalty<br>Interest<br>Failure to pay penalty<br>Collection fees | $3,412.00<br>$767.70<br>$385.18<br>$255.90<br>$25.00 | $6,293.59 |
| **Total** | --- | --- | --- | $1,000,013.50 |

9. A delegate of the Secretary of the Treasury issued notices of the assessments described in Paragraph 8 to Marzella K. Hiatt and made demands for payment to Marzella K. Hiatt.

10. Despite the notices of the assessments and demands for payment, Marzella K. Hiatt has failed, neglected, or refused to fully pay the liabilities listed in Paragraph 8, and there remains due and owing $1,000,013.50, plus statutory additions and interest according to law from July 9, 2012.

## COUNT II - COLLECTION OF FRIVOLOUS RETURN PENALTIES ASSESSED AGAINST MARZELLA K. HIATT

11. The United States incorporates by reference the allegations of Paragraphs 1 and 2.

12. A delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 6702, made assessments against Marzella K. Hiatt on the dates, in the amounts, and for the underlying income tax periods set forth in the table below. The table also lists the amounts owing for those penalties as of July 9, 2012; interest continues to accrue according to law.

| Tax Period Ended | Assessment Date | Assessment Type | Assessment Amount | Amount owing as of 07/09/2012 |
|---|---|---|---|---|
| 12/31/1999 | 07/08/2002<br>12/27/2010<br>04/18/2011 | Penalty for filing frivolous tax return<br>Collection fees<br>Collection fees | $500.00<br>$25.00<br>$25.00 | $805.23 |
| 12/31/2000 | 12/23/2002 | Penalty for filing frivolous tax return | $500.00 | $825.99 |
| 12/31/2002 | 10/13/2003 | Penalty for filing frivolous tax return | $500.00 | $793.49 |

| | | | | |
|---|---|---|---|---|
| 12/31/2003 | 09/13/2004 | Penalty for filing frivolous tax return | $500.00 | $550.48 |
| 12/31/2004 | 02/27/2006 | Penalty for filing frivolous tax return | $500.00 | $700.37 |
| 12/31/2005 | 09/11/2006 | Penalty for filing frivolous tax return | $500.00 | $673.18 |
| 12/31/2006 | 10/22/2007 | Penalty for filing frivolous tax return | $5,000.00 | $6,158.74 |
| **Total** | --- | --- | --- | $10,507.48 |

13. A delegate of the Secretary of the Treasury issued notices of the assessments described in Paragraph 12 to Marzella K. Hiatt and made demands for payment to Marzella K. Hiatt.

14. Despite the notices of the assessments and demands for payment, Marzella K. Hiatt has failed, neglected, or refused to fully pay the penalties listed in Paragraph 12, and there remains due and owing $10,507.48, plus interest according to law from July 9, 2012.

### COUNT III - ENFORCEMENT OF FEDERAL TAX LIENS AGAINST THE SHERIDAN PROPERTIES

15. The United States incorporates by reference the allegations of Paragraphs 1 through 14.

*The Boone County Property*

16. Via a document titled "Warranty Deed" and recorded on January 27, 1969, with the Boone County Recorder's Office at Book 187, Page 227, Max S. Haimes and Eileen L.

Haimes conveyed title to the North State Road Property to Jacob A. Hiatt and Marzella Kay Hiatt, as husband and wife.

17. Via a document titled "Quitclaim Deed" and recorded on May 19, 2008, with the Boone County Recorder's Office, Marzella Kay Hiatt conveyed her interest in the North State Road Property to Jacob A. Hiatt.

*The Hamilton County Properties*

18. Via a document entitled "Warranty Deed" and recorded on November 6, 1992, with the Hamilton County Recorder's Office, James David Woodrum and Janice M. Woodrum conveyed title to the South Main Street Property to Marzella K. Hiatt and Jacob A. Hiatt, wife and husband.

19. Via a document entitled "Executrix' Deed" and recorded on January 3, 2001, with the Hamilton County Recorder's Office, Carol E. Wilson, Executrix of the Estate of Florence Graham, conveyed title to the East Fourth Street Property to Jacob A. Hiatt and Marzella K. Hiatt, husband and wife.

20. A Notice of Federal Tax Lien for assessments made against Marzella K. Hiatt for income tax liabilities for the 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006 tax years, and for 26 U.S.C. § 6702 penalties for the 1999, 2000, 2002, 2003 and 2004 tax years was recorded with the Hamilton County Recorder's Office on March 31, 2008.

21. A Notice of Federal Tax Lien for assessments made against Marzella K. Hiatt for 26 U.S.C. § 6702 penalties for the 2005 and 2006 tax years was recorded with the Hamilton County Recorder's Office on March 31, 2008.

22. A Notice of Federal Tax Lien for an assessment made against Marzella K. Hiatt for income tax liabilities for the 2006 tax year was recorded with the Hamilton County Recorder's Office on January 27, 2009.

23. Via a document entitled "Quitclaim Deed" and recorded on March 9, 2010, with the Hamilton County Recorder's Office, Marzella K. Hiatt conveyed her interest in the South Main Street Property to Jacob A. Hiatt.

24. Via a document entitled "Quitclaim Deed" and recorded on March 9, 2010, with the Hamilton County Recorder's Office, Marzella K. Hiatt conveyed her interest in the East Fourth Street Property to Jacob A. Hiatt.

***Enforcement of the Federal Tax Liens***

25. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in Paragraphs 8 and 12, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Marzella K. Hiatt, and those liens continue until the liens are either satisfied or become unenforceable.

26. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens against the Sheridan Properties, to have those properties sold at a judicial sale, and to have the proceeds applied towards the satisfaction of the tax debts set forth in Paragraphs 8 and 12.

WHEREFORE, the United States requests that this Court:

(a) Enter judgment in favor of the United States and against Marzella K. Hiatt in the amount of $1,000,013.50, plus statutory additions and interest according to law from July 9, 2012, for unpaid federal income tax liabilities;

(b)     Enter judgment in favor of the United States and against Marzella K. Hiatt in the amount of $10,507.48, plus statutory additions and interest according to law from July 9, 2012, for unpaid frivolous return penalties;

(c)     Order that the United States may enforce its federal tax liens with respect to Sheridan Properties described in Paragraphs 4, 5 and 6, above, to collect the tax liability of Marzella K. Hiatt as set forth in Paragraph 8 and 12, above, free and clear of all rights, titles, liens, claims and interests of the parties to this case, with the proceeds to be distributed in accordance with the lawful priorities of the parties;

(d)     Award the United States its costs, and such further relief as the Court deems just and proper.

Dated: August 9, 2012

                                             KATHRYN KENEALLY
                                             Assistant Attorney General
                                             Tax Division, U.S. Department of Justice

                                             _____
                                             AUSTIN L. FURMAN
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             P.O. Box 55, Ben Franklin Station
                                             Washington, D.C. 20044-0055
                                             Telephone: (202) 307-2007
                                             Email: Austin.L.Furman@usdoj.gov

*Local Counsel*:

JOSEPH H. HOGSETT
United States Attorney