UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>MARZELLA K. HIATT AND JACOB A. HIATT,<br>    *Defendants*. | )<br>)<br>)<br>)   1:12-cv-01103-JMS-TAB<br>)<br>)<br>) |

### ORDER

Presently pending before the Court is the United States of America's (the "Government's") Motion for Summary Judgment. [Filing No. 42.] The Government seeks to collect from Defendant Marzella Hiatt tax liability it claims she owes. It seeks both a personal judgment, and an order authorizing the judicial sale of three properties she previously owned, but which she later transferred to her husband, Defendant Jacob Hiatt. [Filing No. 1.] Mr. Hiatt failed to respond to the Government's Motion for Summary Judgment and the time for doing so has passed. Ms. Hiatt responded, but did not address the merits of the Government's motion; she instead requests further discovery pursuant to Federal Rule of Civil Procedure 56(d). [Filing No. 67.] For the reasons explained below, Ms. Hiatt is not entitled to discovery under Rule 56(d). The Court will, however, provide Ms. Hiatt an opportunity to respond to the merits of the Government's motion.

### I.
### DISCUSSION

As stated above, Ms. Hiatt's sole response to the Government's motion is a request that the motion be stayed for further discovery pursuant to Rule 56(d). [Filing No. 67 at 4-5.] Her basis for this request is that the attorney she originally hired to represent her in this case only

1

participated in the settlement conference and, unbeknownst to her until after the discovery deadline had passed, did not conduct any discovery. [Filing No. 67 at 4-5.] She submits an affidavit attesting to these facts, which concludes by stating: "In order to respond to the motion for summary judgment I need time to gather, produce, and provide evidence to the United States and pursue discovery, all of which should have been done by [my former attorney.]" [Filing No. 67-1 at 2.]

The Government's reply brief focuses solely on why relief under Rule 56(d) is inappropriate. [Filing No. 68.] Specifically, the Government argues that Ms. Hiatt is not entitled to additional discovery because: (1) she had an adequate opportunity to take discovery; (2) she did not set forth the material facts necessary to respond to the Government's motion that additional discovery would likely uncover; and (3) additional discovery is unlikely to be of assistance in supporting any legitimate defense available to Ms. Hiatt. [Filing No. 68 at 2-9.]

Rule 56(d) provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "If a party . . . needs further discovery to respond to a motion for summary judgment, [s]he can file a motion under Rule 56(d) . . . explaining the reasons that [s]he cannot present evidence essential to h[er] opposition." *Larsen v. Elk Grove Vill., Ill.*, 433 Fed. Appx. 470, 472 (7th Cir. 2011); *see Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006).

The Court must deny Ms. Hiatt's Rule 56(d) request for additional discovery for two independent reasons. First, Ms. Hiatt had ample opportunity to conduct discovery in this case. This case was filed on August 10, 2012, [Filing No. 1], after the Government had been regularly assessing Ms. Hiatt for unpaid federal income taxes since 2000, [Filing No. 42-1 at 2]. While this case was pending, Ms. Hiatt filed for bankruptcy, and the Court stayed this case on March 6, 2013. [Filing No. 23.] Following her bankruptcy, the Court entered a Revised Case Management Plan on August 7, 2013, which provided for over four months of discovery. [Filing No. 30 at 5.] During the discovery period, the parties—including Ms. Hiatt and her former attorney—participated in a settlement conference, which did not result in settlement. [Filing No. 40.] The discovery period closed, and the Government filed the instant Motion for Summary Judgment on February 21, 2014. [Filing No. 42.] Ms. Hiatt received an extension to file her response to the Government's Motion for Summary Judgment on April 21, 2014. [Filing No. 53.] Ms. Hiatt's former attorney withdrew on May 13, 2014, [Filing No. 56], and her current attorney filed his appearance on May 14, 2014, [Filing No. 59]. Subsequently, Ms. Hiatt's attorney filed and received two further extensions of time to respond to the Government's motion. [Filing No. 60; Filing No. 62; Filing No. 65; Filing No. 66.] Finally, on July 21, 2014, Ms. Hiatt filed her response, requesting further discovery under Rule 56(d). [Filing No. 67.]

This procedural history demonstrates that this case has been pending for a substantial period and that Ms. Hiatt had a significant window to pursue discovery, during which she and her former attorney were actively participating in the case. *See Miller v. Account Mgmt. Servs., 2008 WL 596011, \*1 n.2 (N.D. Ind. 2008)* (stating that a relevant consideration for whether additional discovery is appropriate is "the length of the pendency of the case prior to the . . . request"). Moreover, the Court has granted Ms. Hiatt numerous extensions of time for her to

3

respond to the Government's motion, yet she only now asks the Court for further discovery, even though the discovery window has been closed for several months. [Filing No. 30 at 5]. In sum, the Court has given Ms. Hiatt more than sufficient time to conduct discovery and respond to the Government's motion, but she has not taken those opportunities. Although Ms. Hiatt places the blame for this on her former attorney, [Filing No. 67 at 4-5], she "voluntarily chose this attorney as h[er] representative in the action, and [s]he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993) (citation and quotation marks omitted); *see id.* ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

Second, Ms. Hiatt's Rule 56(d) request did not adequately explain the facts essential to her opposition that further discovery would likely reveal. A proper Rule 56(d) request requires a party to "specify the information that [s]he hoped to discover." *Larsen*, 433 Fed. Appx. at 472; *see also Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885–86 (7th Cir. 2005) (holding that the district court properly denied a request for additional discovery because it was "based on nothing more than mere speculation and would amount to a fishing expedition"). Indeed, Judges in this district have consistently made clear that requests for additional discovery under Rule 56(d) will be denied unless they specifically set forth the facts the requesting party intends to discover that will allow it to properly oppose summary judgment. *See, e.g.*, *Spierer v. Rossman*, 2014 WL 2069452, *2 (S.D. Ind. 2014) (holding that the plaintiff's generalized Rule 56(d) request was "deficient" because it "leaves unanswered the fundamental question: what specifically do the [the plaintiffs] need [to discover]"); *Citizens for Appropriate Rural Roads, Inc. v. Foxx*, --- F.Supp.2d ----, 2014 WL 1323189, *14 (S.D. Ind. 2014) (stating that, in deciding a Rule 56(d) request, "courts consider whether the party opposing summary judgment has shown what

4

additional facts would be necessary to avoid summary judgment," and that a "conclusory assertion that additional discovery is needed will not suffice"); *Martin v. Gorajec*, 2013 WL 319783, *5 (S.D. Ind. 2013) (stating that relief under Rule 56(d) "requires an affidavit from the nonmovant identifying the material facts that it anticipates discovering"); *United States v. Williams*, 2012 WL 4505881, *5 (S.D. Ind. 2012) ("Requests for additional discovery [under Rule 56(d)] must be specific and cannot be based only on speculation.") (alteration in original) (citation and quotation marks omitted).

     Ms. Hiatt's generalized request did not come close to meeting this standard. She asserts that she "need[s] time to gather, produce, and provide evidence to the United States and pursue discovery," [Filing No. 67-1 at 2], and that this discovery is necessary "in order for her to obtain the facts essential to justify her viable opposition," [Filing No. 67 at 5]. But she does not set forth the facts she hopes to discover that could possibly contest the Government's motion. This deficiency is especially noticeable here, as Ms. Hiatt likely has knowledge and possession of the information that would allow her to defend against the Government's motion. Moreover, the Government already provided Ms. Hiatt with all of the relevant information in the possession of the IRS, and Ms. Hiatt's current counsel confirmed that he received this information. [Filing No. 68-1 at 1-2.] Given this, it is unclear what additional discovery would reveal that could assist Ms. Hiatt in defending against summary judgment, which is precisely why "[r]equests for additional discovery [under Rule 56(d)] must be specific and cannot be based only on speculation." *Williams*, 2012 WL 4505881, at *5 (alteration in original) (citation and quotation marks omitted). In any event, even if discoverable information exists that could aid Ms. Hiatt, she did not specifically set forth the contours of that information, and is therefore not entitled to relief Rule 56(d). *See Larsen*, 433 Fed. Appx. at 472.

# II.
## CONCLUSION

For the reasons stated, the Court denies Ms. Hiatt's Rule 56(d) request to stay the summary judgment motion and pursue further discovery. The Court, however, will allow Ms. Hiatt to respond to the merits of the Government's Motion for Summary Judgment. In doing so, Ms. Hiatt may not attach any documents that have not previously been provided by the Government, as she failed to submit any Fed. R. Civ. P. 26 initial disclosures or preliminary witness and exhibit lists. [[Filing No. 43 at 9](#).] Ms. Hiatt has until **August 22, 2014**, to file a response brief. The Government may file a reply brief by **September 5, 2014**.

08/15/2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**