UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    *vs.*<br><br>MARZELLA K. HIATT, in her individual capacity, JEFFREY HIATT, in his capacity as the personal representative of the Estate of Jacob A. Hiatt, deceased, and TINA SNODGRASS, Receiver,<br><br>    *Defendants*. | No. 1:12-cv-01103-JMS-TAB |

## **ORDER**

This matter involves an action by the United States of America (the "Government") to collect unpaid income tax liabilities and frivolous return penalties assessed against Defendant Marzella Hiatt, and to enforce federal tax liens on several properties located in Sheridan, Indiana which secure those debts. On September 4, 2014, the Court granted summary judgment and entered final judgment in favor of the Government on all of the Government's claims. [Filing No. 74; Filing No. 75.] The Court now addresses two motions filed by Ms. Hiatt: (1) a Motion to Void Judgment and Dismiss, [Filing No. 129]; and (2) a Motion to Cease and Desist – Dismiss, [Filing No. 132].

**I.**
**MOTION TO VOID JUDGMENT AND DISMISS**

In her Motion to Void Judgment and Dismiss, Ms. Hiatt appears to set forth two main arguments: (1) that she is not a citizen or resident of the United States, so is not subject to federal tax laws; and (2) that she is not liable for taxes because there is no statute that imposes tax liability and she has no taxable income because she has never been engaged in a "trade or business" and

1

has no source of income within the United States. [Filing No. 129.] The Government argues in response that Ms. Hiatt's motion is time-barred, and her arguments are meritless. [Filing No. 130.]

The Court finds that Ms. Hiatt's Motion to Void Judgment and Dismiss fails for three reasons. First, Ms. Hiatt is represented by counsel,[1] yet has filed her motion *pro se*. The Court may strike motions that are filed *pro se* when the party is represented by counsel, and Ms. Hiatt's Motion to Void Judgment and Dismiss could be denied for that reason alone. *See United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998) ("A defendant does not have an affirmative right to submit a pro se brief when represented by counsel"). The Court will, however, address two other grounds for denial.

Second, Ms. Hiatt's motion is untimely. Although Ms. Hiatt does not set forth the rule under which she brings her motion, the Court will treat it as a motion to alter or amend the judgment under Fed. R. Civ. P. 59. Rule 59(e) allows a party to move the Court for reconsideration of a judgment within 28 days following the entry of judgment, and encompasses reconsideration of matters decided on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The Court entered final judgment in this matter on September 4, 2014, [Filing No. 75], yet Ms. Hiatt did not file her motion until May 17, 2017, [Filing No. 129] – 32 months later, which is well outside of the 28-day period provided in Rule 59. This untimeliness provides yet another basis for the Court's denial of Ms. Hiatt's motion.

Finally, Ms. Hiatt's motion is without merit. Affording relief through granting a motion for reconsideration brought pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for

---

[1] Although Ms. Hiatt's counsel informed the Magistrate Judge during a recent telephonic status conference that he no longer represents Ms. Hiatt, the docket does not reflect that he has formally moved to withdraw. Accordingly, he is still Ms. Hiatt's counsel of record.

the limited purpose of "correct[ing] manifest errors of law or fact or…present[ing] newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D. Ill. 1982)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Ms. Hiatt's arguments in support of her motion are baseless, and do not warrant reconsideration. First, her argument that she is not a citizen or resident of the United States, but rather is a resident of Indiana, is not supported by applicable law. *See United States v. Cooper*, 179 F.3d 691, 692 (7th Cir. 1999) (rejecting appellant's "wholly frivolous, tax-protester arguments, such as that only residents of Washington, D.C., and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States….."). Second, Ms. Hiatt's arguments that she has no tax liability are similarly baseless. The Court has already found that Ms. Hiatt had taxable income for the years for which the Government sought payment, and that she is liable for taxes based on that income. [Filing No. 74 at 14-16.] Ms. Hiatt has not presented any basis for the Court to reconsider its earlier determinations.

Because Ms. Hiatt filed her Motion to Void Judgment and Dismiss *pro se* while represented by counsel, the motion is untimely, and the motion is meritless, the Court **DENIES** the motion. [Filing No. 129.]

## II.
### MOTION TO CEASE AND DESIST – DISMISS

Ms. Hiatt has also filed a Motion to Cease and Desist – Dismiss, in which she raises some of the same arguments set forth in her Motion to Void Judgment and Dismiss. [Filing No. 132.] Specifically, Ms. Hiatt argues that there is no statute that creates income tax liability and that she

is not subject to federal tax laws because she is a citizen of Indiana. [Filing No. 132 at 2-6.] The Court will also treat Ms. Hiatt's Motion to Cease and Desist – Dismiss as a motion to alter or amend the judgment under Fed. R. Civ. P. 59. For the reasons set forth above in connection with Ms. Hiatt's Motion to Void Judgment and Dismiss – that the motion was filed *pro se* but Ms. Hiatt is represented by counsel, that the motion is untimely under Rule 59, and that Ms. Hiatt's arguments are meritless – the Court **DENIES** Ms. Hiatt's Motion to Cease and Desist – Dismiss. [Filing No. 132.]

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Hiatt's Motion to Void Judgment and Dismiss, [Filing No. 129], and **DENIES** her Motion to Cease and Desist – Dismiss, [Filing No. 132]. The Court cautions Ms. Hiatt that, as long as she remains represented by counsel in this matter, any future filings must be made through counsel.

Date: June 22, 2017

*signature*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

Distribution via U.S. Mail to:
Marzella Hiatt
8175 N. St. Rd. 38
Sheridan, IN 46069